UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALON MORRISON PARK APARTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARTHUR MASTER and DEJAN KUZMANOVIC,<br><br>　　　　Defendants. | Case No. 21-cv-09914 NC<br><br>**ORDER FOR DEFENDANTS TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

　　　　Defendants Arthur Master and Dejan Kuzmanovic removed this unlawful detainer case to this court from Santa Clara County Superior Court.  ECF 1.  This Order requires them to show cause in writing by January 18, 2022, as to why this case should not be remanded back to the Superior Court for lack of federal subject matter jurisdiction.

　　　　The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, the defendants) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  The Court must presume a lack of jurisdiction until the party asserting jurisdiction establishes otherwise. *Id.*

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction. I consider each jurisdictional source in turn.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy in the suit must exceed $75,000.

Applied here, the removal notice asserts that the unlawful detainer complaint presents a "federal question" because the federal CARES Act preempts California eviction law. Dkt. No. 1 ¶ 5, 6. But the sole claim in the complaint is for unlawful detainer under state law. There does not appear to be a substantial question of federal law that is implicated by plaintiff's complaint. Nor is there diversity of citizenship shown.

If a case removed from state court lacks subject matter jurisdiction, then the federal court must remand it back to state court. 28 U.S.C. § 1447(c). An order remanding may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

In conclusion, defendants Master and Kuzmanovic must file a response in writing by January 18, 2022, explaining why this case should not be remanded back to Santa Clara County Superior Court. If they fail to timely respond, the case will be remanded.

Finally, the Court informs defendants that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and

on a drop-in basis. The Federal Pro Se Program is available by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: January 3, 2022

                                                  NATHANAEL M. COUSINS
                                                  United States Magistrate Judge