UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVALON MORRISON PARK APARTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR MASTER, et al.,<br><br>Defendants. | Case No. 21-cv-09914-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: ECF No. 9] |

Before the Court is the Report and Recommendation of Judge Cousins to remand the above-captioned case to California state court for lack of subject matter jurisdiction. *See* Report and Recommendation ("R&R"), ECF No. 9. This is an unlawful detainer action brought by Avalon Morrison Park Apartments, LLC ("Avalon") against Defendants Arthur Master and Dejan Kuzmanovic. Avalon filed this action in Santa Clara Superior Court on December 1, 2021, bringing a single claim for unlawful detainer under California state law. *See* Complaint, ECF No. 1 at 8–14. Avalon alleges that Defendants have maintained possession of property they were renting from Avalon, the owner, after Avalon terminated the tenancy for at-fault just cause and provided Defendants a 3-day nuisance notice. *See id.* at 11. Defendants removed the action to federal court on December 22, 2021, arguing there is federal question jurisdiction under the artful pleading doctrine because the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") preempts California eviction law since Avalon was granted the Act's forbearance of federally backed mortgage payments. *See* Notice of Removal, ECF No. 1.

The case was initially assigned to Judge Cousins, who filed an Order to Show Cause on January 3, 2022 directing Defendants to file a response by January 18, 2022 explaining why this case should not be remanded to Santa Clara Superior Court based on the lack of subject matter

1  jurisdiction. *See* Order to Show Cause, ECF No. 8. Defendants failed to file a response, and the deadline for filing a response has passed. *See id.* On January 24, 2022, Judge Cousins reassigned the above-captioned case to this Court, recommending that it be remanded to Santa Clara Superior Court due to the lack of subject matter jurisdiction. *See* R&R, ECF No. 9. Defendants failed to file an objection to Judge Cousins's Recommendation, and the deadline to file an objection has passed. *See* Fed. R. Civ. P. 72(b). Judge Cousins recommends that the Court remand this action to California state court due to lack of subject matter jurisdiction because (1) no diversity of citizenship is shown, so this Court does not have diversity jurisdiction and (2) the sole claim in the Complaint is for unlawful detainer under state law and there does not appear to be a substantial question of federal law implicated, so this Court does not have federal question jurisdiction. *See* R&R, ECF No. 9 at 2.

A defendant may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). For diversity of citizenship, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "[An] exception to the well-pleaded-complaint rule is referred to as the 'artful-pleading doctrine.'" *See City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020). "This doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* (quotation marks and citation omitted).

Having reviewed Judge Cousins's Report and Recommendation *de novo*, along with the record in this case, the Court finds that the Report is well-reasoned and correct in every respect, and ADOPTS the Recommendation in its entirety. The face of the Complaint does not present a federal question, and Defendants have failed to show that the artful pleading doctrine applies, despite multiple opportunities to do so. *See Caterpillar*, 482 U.S. at 393 ("a case may not be removed to federal court on the basis of a federal defense"); *Koy-Ghadoush v. Andreiu*, No. CV 21–03537 PA

1  (JPRx), 2021 WL 3125515, at *1 (C.D. Cal. Apr. 28, 2021) ("It is Defendant's burden to show that
2  Plaintiff's Complaint is 'based upon [a] federal statute,' not that a federal statute or alleged
3  constitutional violation is 'merely an anticipated defense.'") (citing *Menhard v. Tracy*, No.
4  20–cv–08670–NC, 2020 WL 8513086, at *2 (N.D. Cal. Dec. 24, 2020)).  Defendants argue that
5  they are "informed and believe" that the CARES Act preempts state law here because of Avalon's
6  enjoyment of the forbearance of federally backed mortgage payments, but Defendants fail to allege
7  basic facts, including the timeline of the forbearance.  *See* CARES Act § 4023(d) (renter protections
8  apply "for the duration of the forbearance"); *Caterpillar*, 482 U.S. at 393.  Multiple district courts
9  in the Ninth Circuit have remanded unlawful detainer actions for lack of federal jurisdiction in light
10 of similar facts and arguments.  *See, e.g., Koy-Ghadoush*, 2021 WL 3125515, at *1; *Nahouraii v.
11 Weinerman*, No. 2:21–cv–00090–TLN–JDP, 2021 WL 237259, at *2 (E.D. Cal. Jan. 25, 2021);
12 *Love v. White*, No. 2:21–CV–00045–TLN–AC, 2021 WL 606256, at *2 (E.D. Cal. Jan. 15, 2021);
13 *Menhardt*, 2020 WL 8513086, at *2.  Further, Defendants have failed on multiple occasions to argue
14 for their position, despite multiple orders from Judge Cousins.  *See* Order to Show Cause,
15 ECF No. 8; R&R, ECF No. 9.
16    Based on the above reasoning, the Court ADOPTS Judge Cousins's Report and
17 Recommendation after *de novo* review and REMANDS this case to Santa Clara Superior Court.

Dated: February 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge